IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBECCA L. BROWN,                    3:15-cv-00205-BR

       Appellant,                   OPINION AND ORDER

v.

DARYL BUERGER; KAYLEEN BUERGER;
BRUCE HINCHLIFFE; EUGENE
PATTERSON, individually and as
Trustee of the Eugene Patterson
Trust; and KENNETH S. EILER, as
Trustee of the Bankruptcy Estate
of Christen M. Brown;

       Appellees,

v.

CHRISTEN MARC BROWN,

       Debtor.


**BRENT G. SUMMERS**
Tarlow Naito & Summers, LLP
2501 S.W. First Avenue, Suite 390
Portland, OR 97201
(503) 688-1366


1 - OPINION AND ORDER

**SHAWN P. RYAN**
620 S.W. Main Street, Suite 612
Portland, OR 97205
(503) 417-0477

        Attorneys for Appellant

**JUSTIN D. LEONARD**
Leonard Law Group, LLC
111 S.W. Columbia Street, Suite 1100
Portland, OR 97201
(971) 634-0190

        Attorneys for Appellees Daryl Buerger and
        Kayleen Buerger

**MICHAEL H. MCGEAN**
Francis, Hansen & Martin, LLP
1148 N.W. Hill Street
Bend, OR 97701
(541) 389-5010

        Attorneys for Appellees Bruce Hinchliffe and
        Eugene Patterson

**BROWN, Judge.**

    This matter comes before the Court on Appellant Rebecca L. Brown's appeal of the United States Bankruptcy Court's Order and Judgment enforcing a settlement agreement entered into between Appellant, Debtor Christen Marc Brown, and Appellees.

    This Court reviews the Bankruptcy Court's findings of fact for clear error and the legal conclusions *de novo*. *See In re Mortgage Store, Inc.*, 773 F.3d 990, 994 (9th Cir. 2014).

    The parties are familiar with the factual background of this matter and, therefore, those facts will not be repeated here.

    After a thorough review of the record, the Court does not

2 - OPINION AND ORDER

find any clear error in the Bankruptcy Court's extensive and
detailed factual findings.  In addition, after reviewing the
legal principles *de novo*, the Court does not find any error in
the Bankruptcy Court's legal conclusions that the parties formed
a settlement agreement; that the Statute of Frauds does not apply
and, therefore, does not render the settlement agreement
unenforceable; and that the settlement agreement is not
unenforceable on the basis of mutual mistake or indefiniteness.

Even if the Statute of Frauds governed the settlement
agreement, this Court concludes Appellant would be estopped from
invoking the Statute of Frauds as a defense to enforcement of the
agreement on the basis of partial performance.  Oregon courts
have precluded parties from invoking the Statute of Frauds to
defend against enforcement of a contract

> (1) if there is conduct corroborating and unequivocally
> referable to the oral agreement sufficient to satisfy
> the policy of the statute designed to minimize perjured
> claims and the opportunities for fraud, and (2) if
> there are equitable grounds for enforcing the contract
> whether those grounds are found in facts establishing
> the basis for a true estoppel or in facts justifying
> the avoidance of unjust enrichment or relief from
> fraud.

*Conklin v. Karban Rock, Inc.*, 94 Or. App. 593, 599 (1989)(quoting
*Luckey, et ux v. Deatsman*, 217 Or. 628, 633 (1959).  Here
Appellant allowed the Bankruptcy Court and the other parties to
the bankruptcy proceedings to persist in a reasonable belief that
the parties had settled the bankruptcy proceedings for almost

Case 3:15-cv-00205-BR    Document 14    Filed 06/17/15    Page 4 of 5

seven weeks after the time that Appellant asserts she desired to withdraw from the settlement agreement that she now repudiates. During that period, however, Appellant did not pursue the scheduled trial that was cancelled because of the parties' announced settlement agreement, and she continued to attempt to raise the same $550,000.00 that the Bankruptcy Judge found Appellant was required to pay under the settlement agreement. Also during that period, Appellees abandoned trial preparation and settled related matters with other parties on the basis of their reasonable belief in the existence of a settlement agreement. It is apparent that neither Appellant nor the Appellees would have taken any of these actions in the absence of the settlement agreement.

Accordingly, on this record the Court concludes there is sufficient "conduct corroborating and unequivocally referable to the oral agreement sufficient to satisfy the policy of the statute designed to minimize perjured claims and the opportunities for fraud." *See Conklin*, 94 Or. App. at 599.

The Court also concludes there are "equitable grounds for enforcing the contract" because the other parties to the settlement agreement also settled related matters pending in state-court proceedings in reliance on the settlement agreement. *See Conklin*, 94 Or. App. at 599. In light of the fact that bankruptcy proceedings frequently involve the resolution of

4 - OPINION AND ORDER

multiple debts that are often involved in multiple proceedings, the parties reasonably relied on Appellant's represented assent to the settlement agreement in their efforts to resolve all related matters.  Moreover, there is a strong public policy in favor of resolving bankruptcy and related proceedings in an expeditious and comprehensive manner, and, therefore, the efforts of the parties to resolve all related matters quickly and in reasonable reliance on the settlement agreement render the enforcement of the contract to be equitable.

Accordingly, in the alternative, the Court holds partial performance and detrimental reliance estop Appellant from avoiding enforcement of the settlement agreement on the basis of the Statute of Frauds.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the Order and Judgment of the Bankruptcy Court.

IT IS SO ORDERED.

DATED this 17th day of June, 2015.


_____
ANNA J. BROWN
United States District Judge